**Louis W. LITTLE and Nora C. Little, Plaintiffs-Respondents,**

**v.**

**Oscar FOX and Lillie Fox, Defendants-Appellants.**

**No. 50552.**

Supreme Court of Missouri,

Division No. 1.

March 8, 1965.

----◆----

Geo. F. Addison, Salem, for respondents.

Dorman L. Steelman, Salem, for appellants.

HENRY J. WESTHUES, Special Commissioner.

This case was filed in the Circuit Court of Dent County, Missouri, wherein plaintiffs, respondents on this appeal, asked the court to try and determine title to real estate. Plaintiffs claimed title by adverse possession. Defendants, appellants in this Court, claimed title by deed and urged that plaintiffs' claim of adverse possession was not supported by evidence. The trial court entered a decree for plaintiffs and the defendants appealed.

We shall refer to the parties as plaintiffs and defendants.

The land in dispute is situated in Dent County, Missouri. It is a narrow strip of land lying in the south portion of the S.E. ¼ of the S.W. ¼ of Section 27, Township 34 North, Range 7. It may be described as beginning at the S.W. corner of the S.E.

¼ of the S.W. ¼ of Section 27, thence north 17 feet, thence easterly 590 feet to a road and to a point 6 feet north of the southern boundary line of Section 27, thence south to the section line, thence west 590 feet to point of beginning.

The evidence disclosed that plaintiffs, by deed, owned the land south of the south section line of Section 27 which land is in the N.E. ¼ of the N.W. ¼ of Section 34, Township 34 North, Range 7 West.

The evidence showed that defendants held title by deed to the land lying north of the southern section line of Section 27.

Plaintiffs offered evidence to support their claim of adverse possession to the strip of land above mentioned.

Defendants offered evidence that plaintiffs' predecessors in title took possession of some land of the defendants to the north of the section line by permission with the understanding that possession would be surrendered at any time upon request.

The sole dispute of fact is whether plaintiffs' evidence of adverse possession is to be believed; or whether defendants' evidence as to plaintiffs' predecessors in title taking possession by permission of the disputed strip of land be true. We do not mean to indicate that any witness knowingly testified to an untruth. The main dispute is over a matter which occurred about thirty years ago and memories do fail.

The dispute arose after the defendants purchased the land they own lying immediately north of plaintiffs' land. This purchase was made in 1956. In 1962, defendants had the land surveyed and it was learned that the section line was south of the existing fence between the properties of plaintiffs and the defendants. Defendants began to construct a fence along the section line whereupon the plaintiffs filed the present suit.

Plaintiffs, to establish their claim by adverse possession, offered evidence by wit-

nesses who had known of the existing fence for many years. These witnesses testified that the fence which was located along the north boundary of the strip of land in dispute had been there for more than thirty years; that no dispute had ever taken place as to the boundary line. There was evidence that the land in plaintiffs' possession had been used for a garden and fruit trees and had always been cleared of brush while the land to the north was covered with brush. Photographs of the fence were introduced in evidence which support plaintiffs' theory.

The theory of defendants was, and is, that before the fence was constructed the then owner of plaintiffs' land by permission constructed a fence and used the land north of their property for pasture purposes. As we understand it, the evidence supports defendants' claim that land north of the section line was by permission fenced and pastured by the owners of the land now owned by plaintiffs. However, the trial court evidently found, and we agree, that the permission to build a fence and pasture land had no connection with, nor did it concern, the fence along the northern line of the strip of land in question. The small strip of land would not justify building a fence for pasture purposes. Defendants' evidence supports the theory that the permission to build a fence on the land they now own had no relation to the fence along the north of the strip in question.

Robert Reading, one of the main witnesses for the defendants, testified as follows concerning the permission given to pasture the land north of plaintiffs' land:

"Q  Bob, you say that Raymond Skiles wanted to use this little strip of land for pasture?

"A  Yes.

"Q  That was the basis on which he asked for the permission to use it, was that he might be allowed to use it for pasture for cows and mules?

"A  That is right.

"Q  You say he fenced it along the road. Where do you mean, Bob, whereabouts along the road?

"A  That road running North and South on the east side of the tract of land we are talking about.

"Q  That is the same road that is now the highway there, is that the one you are talking about?

"A  Yes.

"Q  It used to be the old road, now it has been widened and improved as a highway?

"A  Yes.

"Q  It runs, more or less, North and South by the little house?

"A  Yes.

"Q  Starting right there at the northeast corner of the Little house place, which direction did this fence run?

"A  It run North.

"Q  It ran North?

"A  Yes.

"Q  How far North did it run?

"A  Well, I don't know, I would say half a quarter.

"Q  So, starting right there at the road where the Little's driveway goes into their house place now—

"A  It started from the corner of the yard.

"Q  From the corner of the yard and it ran North along the road for a distance of about half a quarter?

"A  Close to that.

"Q  Did it run any to the East or West of that point?

"A  I wasn't down there, I couldn't tell you.

"Q Did you give permission for the running of the fence anywhere East or West?

"A Yes. He would have to run West to fence it."

The road mentioned in the evidence is the eastern boundary line of defendants' land. It may be noted that the fence constructed by permission extended north for "half a quarter" while the fence now the subject of dispute extended north at the eastern boundary only 6 feet.

■ There is no dispute as to the law applicable with reference to adverse possession. The party claiming title has the burden of proof. Allen v. Wiseman, 359 Mo. 1026, 224 S.W.2d 1010, l.c. 1012, 1013 (5–7); White v. Wilks, Mo., 357 S.W.2d 908, l.c. 912 (5–7).

In the case before us, plaintiffs' evidence showed that they and their predecessors in title had been in the exclusive possession of the land in question claiming it to be their own for more than thirty years. Their possession was open, notorious, exclusive, and hostile. The only evidence to the contrary was with reference to the building of a fence by permission. The trial court by entering a decree for plaintiffs concluded that such evidence of permission did not concern the fence in question.

■■ Cases of this nature are reviewable de novo. However, in cases where there is a sharp conflict in the evidence, an appellate court defers to the finding of the trial court. In this case, we find ourselves in agreement with the finding of the trial court and hence the judgment is affirmed.

PER CURIAM.

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.